[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10578
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80131-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC DURAND COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 17, 2020)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Cedric Collins appeals his 151-month sentence following his conviction for

one count of distributing a controlled substance containing a detectable amount of

fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  He thinks the district

court erred in classifying him as a career offender under the United States Sentencing Guidelines because his prior drug-related convictions were not "controlled substance offenses." Collins also argues that his 151-month sentence was unreasonable because the district court treated the Guidelines as mandatory and failed to properly weigh the 18 U.S.C. § 3553(a) factors. But because the district court did not err in classifying Collins as a career offender and the sentence it imposed was procedurally and substantively reasonable, we affirm.

I.

In reviewing a sentence, we review the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Shabazz*, 887 F.3d 1204, 1222 (11th Cir. 2018). We accordingly review de novo whether a prior conviction is a controlled substance offense as defined by section 4B1.2(b) of the Guidelines. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

Under the Guidelines, a defendant is considered a career offender if: 1) he is at least 18 years old at the time of the instant offense, 2) his instant offense is a felony that is either a controlled substance offense or crime of violence, and 3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Collins disputes only the third element; he concedes that he has one prior felony conviction for a crime of

2

violence, but argues that his two prior convictions for drug-related crimes are not controlled substance offenses under the Guidelines. We disagree.

The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance" or "the possession of a controlled substance" with "intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). The statute at issue in Collins's prior drug-related convictions, section 893.13(1)(a) of the Florida Statutes, fits neatly into this definition—it is a state law that punishes the sale, manufacture, and delivery of a controlled substance, as well as possession of a controlled substance with intent to sell, manufacture, or deliver, by a term of imprisonment exceeding one year. Violations of section 893.13(1)(a) accordingly qualify as controlled substance offenses under section 4B1.2(b) of the Guidelines. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).

Collins thinks it matters that section 893.13(1)(a) does not include a mens rea element; according to him, a defendant must have knowledge of the illicit nature of the substance he distributed or possessed for a prior conviction to qualify as a controlled substance offense. But we have already considered and rejected that argument before. In *United States v. Smith*, we held that section 4B1.2(b) of the Guidelines does not require that a predicate state offense include an element of

3

mens rea with respect to the illicit nature of the controlled substance. 775 F.3d at 1267.[1] We recognized that a "controlled substance offense" is defined unambiguously in the Guidelines, and the plain language of its definition requires only that the predicate offense prohibit certain activities related to controlled substances. *Id.* It does not expressly or impliedly include an element of mens rea. *See* U.S.S.G. § 4B1.2(b). Convictions under section 893.13(1)(a) of the Florida Statutes therefore qualify as controlled substance offenses even without proof the defendant knew the illicit nature of the substance he distributed or possessed. *Smith*, 775 F.3d at 1267.

In short, Collins's two prior drug-related convictions constitute controlled substance offenses under the Guidelines. And that means the district court correctly sentenced Collins as a career offender.

## II.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). The party challenging the sentence bears the burden of establishing that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate the sentence only if

---

[1] Under our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Circuit sitting en banc. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). This Circuit's decision in *United States v. Smith* is still good law, as Collins concedes—and that means we must follow it here.

4

we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation omitted).

When reviewing the reasonableness of a sentence, our task is two-fold. We first ensure that the district court committed no significant procedural error, such as failing to calculate the Guidelines range or treating the Guidelines as mandatory. *Gall v. United States*, 552 U.S. 38, 51 (2007). We then consider the substantive reasonableness of the sentence; a sentence is substantively unreasonable if the district court 1) failed to consider relevant sentencing factors that were due significant weight, 2) gave significant weight to improper or irrelevant factors, or 3) committed a clear error of judgment in considering the factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Though Collins argues otherwise, the district court did not treat the Guidelines as mandatory or ignore the § 3553(a) factors. *Gall*, 552 U.S. at 51. The record shows that the district court treated the Guidelines as advisory—in fact, it referred to the Guidelines as "advisory" several times during Collins's sentencing hearing and acknowledged that it had granted downward variances in the past. Though at one point it stated that it was "bound to follow the law," that was in response to Collins's argument that his prior convictions were not

5

controlled substance offenses, not in response to the weight it was giving the Guidelines.  It also cited the § 3553(a) factors as the basis for Collins's sentence. Collins's sentence was accordingly procedurally reasonable.

It was also substantively reasonable.  In addition to considering the advisory Guidelines range, the district court weighed other relevant § 3553(a) factors before sentencing Collins.  It considered his history and characteristics, the nature and circumstances of the offense conduct, the need to provide specific deterrence, and the need to safeguard the community.  *Rosales-Bruno*, 789 F.3d at 1256.  The district court noted that Collins had "continued, from age 13, unfortunately, to engage in various criminal conduct," and that it could not "in good conscience" give the 60-month sentence Collins sought.  The 151-month sentence it chose was at the bottom of the Guidelines range and well below the statutory maximum of 240-months—which indicates that it was reasonable.  *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014); *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015).  Considering the record, the § 3553(a) factors, and the deference we afford to sentencing courts, Collins has not met his burden of showing that his sentence was substantively unreasonable.

Though Collins may have preferred a lower sentence, he did not demonstrate that the sentence he received was procedurally or substantively unreasonable.  The

district court therefore did not abuse its discretion in sentencing Collins to 151-months' imprisonment.

*    *    *

Accordingly, we **AFFIRM** Collins's sentence.